# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE GONZALEZ, | | No. 4:25-CV-00547 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | |
| TYLER HERBSTER and BOROUGH OF MOUNT CARMEL, | | |
| Defendants. | | |

## ORDER

**MARCH 3, 2026**

On March 26, 2025, Plaintiff Steve Gonzalez ("Plaintiff") filed a seven count complaint against Defendant police officer Tyler Herbster ("Defendant Herbster") and Defendant Borough of Mount Carmel ("Defendant Borough") (collectively, "Defendants") for actions related to the purported deprivation of Plaintiff's rights.[1] During the course of discovery, Plaintiff took the deposition of a former police officer for Defendant Borough and learned additional information that purportedly provided a factual basis for claims against an additional Defendant, Chief Christopher Buhay ("Defendant Buhay").[2] Accordingly, on December 12, 2025, Plaintiff filed the instant motion to amend the complaint pursuant to Rule 15(a)(2)

---

[1]    Doc. 1 (Compl.).
[2]    Doc. 17 (Br. in Supp.) at 2-3.

of the Federal Rules of Civil Procedure, seeking to add claims against Defendant Buhay along with the factual support necessary.[3]

"Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading," and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust."[4] "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility . . . . We have consistently recognized, however, that 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'"[5] Moreover, delay alone is generally insufficient to justify denial of leave to amend unless unduly prejudicial, and a period of delay within a year of original filing is "not, on its fact, so excessive as to be presumptively unreasonable."[6]

Here, Defendant has not established any prejudice that would result from leave to amend, pointing only to the delay. However, in line with the guidance from the United States Court of Appeals for the Third Circuit, the nearly nine-month delay is insufficient to be presumptively prejudicial.[7] Moreover, as Plaintiffs note, discovery in this matter is ongoing, and was scheduled to conclude in March 2026 prior to the filing of this motion.[8] Now, discovery is not due until June 2026.[9]

---

[3]   Doc. 16 (Mot.).

[4]   *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202, 204 (3d Cir. 2006) (cited affirmatively in *Southeastern Pa. Trans. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 344 (3d Cir. 2021)).

[5]   *Arthur*, 434 F.3d at 204 (quoting *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993)).

[6]   *Id.* at 204-05.

[7]   *Id.* at 204-05.

[8]   Doc. 14 (Sch. Ord.).

[9]   Doc. 21 (Sch. Ord).

Additionally, given the overlapping nature of Plaintiff's claims, the discovery will likely extend significantly between all Defendants, including the newly added Defendant Buhay, adding minimal burden to all parties.

This case is quite similar to *Arthur v. Maersk, Inc.*, where the Third Circuit permitted a seaman to amend his complaint.[10] There, the seaman had discovered the involvement of another defendant through discovery, and was permitted to add that defendant in his complaint because the seaman had "prosecuted his case in a fairly diligent manner" through serving the complaint in a "timely fashion" and by filing for leave to amend shortly after discovering the evidence suggesting the propriety of adding another defendant.[11] So too here.

Seemingly recognizing the lack of tangible prejudice, Defendants instead argue that Plaintiff was dilatory in his late filing.[12] As Defendants note, "[a]n action is dilatory when the purpose of plaintiff's delay in seeking an amendment was to prolong the litigation."[13] The Court is not convinced by Defendants' arguments, seeing no dilatory motivation.[14] To the contrary, it appears to the Court that Plaintiff sought leave to amend once he discovered the involvement of Defendant Buhay.

---

[10]   *Arthur*, 434 F.3d at 202-05.

[11]   *Id.* at 202, 204, 205.

[12]   Doc. 18 (Br. in Opp.) at 4.

[13]   *Id.*; *Taylor v. GGNSC Phila., LP*, No. 14- 7100, 2015 WL 5584781, at *6 (E.D. Pa. Sep. 22, 2015)

[14]   *Compare Suley v. Borough*, No. 10-1559, 2011 WL 860426, at *2 (W.D. Pa. Mar. 9, 2011) ("The Court is not convinced that Plaintiff's delay is motivated by bad faith or dilatory motive. . . . Plaintiff has not previously filed an amended complaint in the instant case and the parties have conducted no discovery at this time.") *with Bobak v. LM Gen. Ins. Co.*, 2:18-CV-01615,

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend his complaint is **GRANTED**. Plaintiff may file the amended complaint with added claims against Defendant Buhay and the factual pleadings necessary to support the action within twenty-one (21) days from the date of this Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

2020 WL 13469461, at *2 (W.D. Pa. Dec. 2, 2020) (Where leave was denied because Plaintiff sought to amend her complaint "nineteen (19) months beyond this Court's deadline to amend pleadings, ten (10) months beyond the initial close of the discovery, seven (7) months following the mediation where [Defendant] made an initial offer, and three (3) months after [Plaintiff] was re-deposed.").

4